JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert David Serpa, Sr., | ) No. CV 05-3978-PHX-DGC (JCG) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph Arpaio, | ) |
| Defendant. | ) |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is an inmate at the Lower Buckeye Jail in Phoenix, Arizona. The Court will require an answer to the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$250.00** for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

Plaintiff will be obligated for monthly payments of 20 percent of the preceding

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**C.   Complaint**

Plaintiff's Complaint concerns his previous confinement at the Estrella Jail in Phoenix, Arizona. In his Complaint Plaintiff alleges that the overcrowded conditions at the jail caused intolerable noise levels, the living conditions were unsanitary, and recreational opportunities were inadequate. He claims that he has suffered loss of sleep, high stress, inability to concentrate, exposure to communicable diseases, infections, and threats to his health and safety. Plaintiff further alleges that Defendant Joseph Arpaio, the Maricopa County Sheriff, is liable for violating Plaintiff's civil rights. These allegations adequately state a claim, and the Court will require an answer to the Complaint.

**D.   Dismissal**

  1. *Hart v. Hill*

Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D.Ariz.), claiming that the conditions of his confinement violated an Amended

Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought in this action. Instead, his allegations must separately state a violation of a constitutional right.

*2. Count I - Overcrowding*

Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989). Where crowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, however, the prisoner may be able to state a claim. See Balla, 869 F.2d at 471; Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984). Moreover, to state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

In Count I, Plaintiff fails to allege any specific personal injury or any lack of constitutionally required services as a result of the overcrowding. Plaintiff simply states that there are four men to a cell, inmates are housed in the day room, and inmates sleep on the floor. These allegations fail to demonstrate a constitutional violation. Accordingly, Count I is dismissed without prejudice.

*3. Count II - Day Room Access*

To have standing, a plaintiff must demonstrate "an invasion of a legally protected interest that is concrete and particularized and actual or imminent." Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997). "[A] plaintiff must allege [1] *personal injury* [2] *fairly traceable* to the defendant's allegedly unlawful conduct and [3] likely to be *redressed* by the requested relief." Idaho Conservation League v. Mumma, 956 F.2d 1508, 1513 (9th Cir. 1992) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)) (emphasis in original).

In Count III, Plaintiff asserts that the civil rights of all pretrial detainees are violated by the overcrowded conditions; he fails to allege any personal injury. As described *supra*, in order to have standing Plaintiff must allege personal injury that is fairly traceable to Defendant's alleged unlawful conduct. See Idaho Conservation League, 956 F.2d at 1513. At this juncture, Plaintiff's vague allegations fail to demonstrate that he has standing to state a claim. Consequently, Count II is dismissed without prejudice.

*4. Count III - Lighting*

In Count III, Plaintiff alleges that Defendant is in violation of " onditions related to natural light, windows, artificial lighting, and temperature which do not safe guard . . . pretrial detainees from eye fatigue." Compl. at 6.  "The Eighth Amendment guarantees adequate heating." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996). In addition, "[a]dequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Id., at 1090. Plaintiff's allegations, however, fail to demonstrate how Defendant has allegedly violated light or temperature standards. Standing alone, the allegations in Count III do not rise to a constitution violation. Thus, Count III will be dismissed without prejudice.

*5. Count V - Mail*

"Regulating correspondence between prisoners and government agencies can serve to prevent criminal activity and maintain prison security." O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir.1996). "[T]he prevention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both

**TERMPSREF**

- 4 -

incoming and outgoing prisoner mail." Id. (citations omitted).

In order to state a cognizable claim, Plaintiff must show that he suffered some real injury: mere delay or interference does not state a claim. See Morgan v. Montanya, 516 F.2d 1367, 1371 (2nd Cir. 1975). Plaintiff's allegation that the jail's handling of the mail constitutes a loss of privacy does not rise to a constitutional violation. Accordingly, Count V will be dismissed without prejudice.

*6. Count VII - Access to Law Library*

In Count VII, Plaintiff alleges that he was denied constant access to a law library and the assistance of a legal clerk. As a pretrial detainee during his confinement at the Maricopa County jail, Plaintiff's right of access to the courts for his criminal prosecution was guaranteed by the State's offer of a criminal defense attorney. The Ninth Circuit and other courts have uniformly held that the right of access to the courts cannot be violated when an inmate is offered the assistance of court-appointed counsel. See United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [Defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts."); United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990) ("principles of due process are not violated when a defendant waives his right to counsel, even though by doing so he destroys any meaningful access to the court that he may have had"). The Supreme Court of Arizona follows the same principles. See, e.g., State v. Henry, 863 P.2d 861, 876 (Ariz. 1993); Salstrom v. State, 714 P.2d 875, 878 (Ariz. 1986).

The Maricopa County Superior Court records show that the State of Arizona filed a criminal case against Plaintiff. See State v.Serpa, No. CR2005-011852-002. The state court records indicate that in this case Plaintiff has been represented. Plaintiff therefore fails to state a claim for the denial of his right of access to the courts due to lack of access to a law library or legal clerk, because he has a lawyer representing him in his criminal prosecution. Count VII will be dismissed without prejudice.

*7. Count VIII - Medical Care*

Plaintiff alleges that Defendant is in violation of classification standards. There is

no constitutional right to enjoy a particular security classification. Moody v. Daggett, 429 U.S. 78 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Further, Plaintiff has failed to allege how or why the medical treatment constitutes a violation of civil rights, nor has Plaintiff alleged any personal injury. For those reasons discussed under Count II, this claim will be dismissed without prejudice.

*8. Count IX - Intake Area*

Plaintiff fails to allege any personal injury in Count IX, thus, for the reasons discussed under Count I and II, this claim will be dismissed without prejudice.

*9. Count XI - Inmate Classification*

Plaintiff alleges that Defendant is in violation of classification standards. There is no constitutional right to enjoy a particular security classification. Moody v. Daggett, 429 U.S. 78 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976).

In Count XI, Plaintiff also contends that Defendant has not provided sufficient professional counseling for incoming pre-trial detainees. Pre-trial detainees do not have a constitutional right to receive professional counseling upon arrival at the Maricopa County jail. A pre-trial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). Nevertheless, the Eighth Amendment provides a minimum standard of care for determining a plaintiff's rights as a pretrial detainee. Anderson v. Kern, 45 F.3d 1310, 1312-313 (9th Cir. 1995).

To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show that Defendants acted with "deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). A mere delay in medical or dental care, without more, is insufficient to state a claim against prison officials for deliberate indifference. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff must show

the delay in treatment was harmful. Id. Plaintiff's allegation that pre-trial detainees are not provided professional counseling and orientation fails to state a constitutional claim, and will be dismissed.

*10. Count XII - Food*

Plaintiff fails to allege any personal injury in Count XII, thus, for the reasons discussed under Count II, this claim will be dismissed without prejudice.

*11. Count XIII - Grievance Policy*

An inmate has no free-standing constitutional right to a grievance process. In Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty interest in prison grievance procedures. The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's allegation that Defendant used the grievance procedure to inhibit inmates from pursuing legal remedies does not rise to a constitutional violation. Accordingly, Count XIII will be dismissed.

**E.    Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee.

1    (2) The Maricopa County Sheriff or his designee shall collect the filing fee from Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's trust account and forwarding the payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the name and number assigned to this action.

(3) Counts I, II, III, V, VII, VIII, IX, XI, XII, and XIII are dismissed without prejudice.

(4) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio.

(5) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

(7) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(12) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(13) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date.

1  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
2  contain only information pertaining to the change of address and its effective date.
3  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not
4  include any motions for any other relief. Failure to file a Notice of Change of Address may
5  result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the
6  Federal Rules of Civil Procedure.

7       (14) A clear, legible copy of every pleading or other document filed shall
8  accompany each original pleading or other document filed with the Clerk for use by the
9  District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with
10 this requirement may result in the pleading or document being stricken without further
11 notice to Plaintiff.

12      (15) This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Rule
13 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

14      DATED this 9th day of January, 2006.

David G. Campbell
United States District Judge