JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Albert David Serpa, Sr.,            )   No. CV 05-3978-PHX-DGC (JCG)
                                    )
      Plaintiff,                )   **ORDER**
                                    )
vs.                                 )
                                    )
Joseph Arpaio,                      )
                                    )
      Defendant.                )
                                    )

    In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #7). Plaintiff failed to respond. The Court will grant Defendant's motion.

**I. Background**

    Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by intolerable noise levels, unsanitary conditions, and inadequate recreational opportunities at the jail[1] (Doc. #1). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##4, 7). The Court issued an order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #8). During the course of this litigation, Plaintiff submitted a Notice of Change of Address upon his transfer from the county jail to the state prison (Doc. #6). But

---

[1] Upon screening, the Court dismissed ten other counts for failure to state a claim (Doc. #4).

because his notice did not identify which unit he was going to be placed in, the Court did not change his address and a copy of the order informing Plaintiff of Defendant's motion was returned in the mail (Doc. #9). The Court therefore issued another order and provided Plaintiff additional time to respond to the motion (Doc. #12). Plaintiff has not filed a response. The time for responding has expired and the motion is ready for ruling.

In support of the Motion to Dismiss, Defendant submitted the affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit (Ex. A, Doc. #7). Tademy attested that inmates are provided with a copy of the "Rules and Regulations for Inmates," which outlines the jail's grievance procedures (Tademy Aff. ¶ 4). Tademy further attested that, according to the sheriff's office records, Plaintiff did not file any grievances during his confinement at the jail (Id. ¶ 7). In addition to the affidavit, Defendant submitted a copy of the Inmate Grievance Procedure, Policy DJ-3, and two pages from the "Rules and Regulations for Inmates" (Exs. A-B to Tademy Affidavit, Doc. #7).

**II. Exhaustion**

A prisoner must first exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

///

Defendant submitted evidence that a grievance system was available at the jail for Plaintiff's claims (Tademy Aff. ¶¶ 4-5; Ex. A, Doc. #7). Plaintiff conceded in his Complaint that he did not file grievances for any of his claims (Doc. #1 at 5A, 5C, and 5G). For each count, Plaintiff explained that he did not submit grievances because the jail's grievance process was "non-responsive to listed count and results only in further delays in adjudication and relief for detained prisoners" (Id.). But Plaintiff does not explain why he believes the grievance process is non-responsive, nor does he describe whether he made any attempt to grieve his claims within the jail before filing this action (Id.). Without more specific allegations, Plaintiff cannot overcome Defendant's evidence showing that a grievance system was available at the jail for Plaintiff's claims. In failing to respond to Defendant's motion, Plaintiff has presented nothing to demonstrate that he availed himself of that system. On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss.

**III. Failure to Respond**

Alternatively, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility (Doc. ##8, 12). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

These factors do not favor Plaintiff. The interests in judicial economy reflected in the first two factors favor dismissal of the action. On the third factor, there is no risk of prejudice to Defendant by dismissal, which he already sought by motion. The fourth factor

of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction.  In light of the overall five-factor analysis weighing in Defendant's favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #7) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 14th day of November, 2006.

_____
David G. Campbell
United States District Judge